# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 1:09-cv-1463 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| LINDSAY UNIFIED SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Timothy S. Daubert, appearing pro se and proceeding in forma pauperis, filed the instant complaint under the Americans with Disabilities Act ("ADA") on August 20, 2009.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Analysis

Plaintiff is confined to a wheelchair. In his complaint, Plaintiff alleges a violation of section 504 of the American with Disabilities Act. Specifically, he alleges that Defendant, Lindsay Unified School District, failed to provide adequate seating to the handicapped at Lindsay High School Stadium. Plaintiff describes an incident in 1997 where he had to sit behind a fence and he could not see the game. He alleges that he has not been able to attend a football game at the stadium since that time because there is no handicapped seating. He also alleges that the school district has failed to make the bathrooms handicap accessible which is a violation of Federal Regulations 4.17. Finally, Plaintiff alleges that "[t]he concession stand serving area at the stadium is 41 inches. But [sic] the handicap [sic] have to back out of the exit." Complaint at pg. 1. Plaintiff seeks injunctive relief and monetary damages.

Plaintiff's complaint is confusing and fails to state a claim. As a preliminary matter, Plaintiff relies on Section 504 of the ADA as a basis for his claims. However, Section 504 of the ADA gives the Architectural and Transportation Barriers Compliance Board its authority to promulgate minimum guidelines and requirements under Title II and Title III of the American

with Disabilities Act.[1]   Americans with Disabilities Act of 1990, § 504, 42 U.S.C. § 12204. Therefore, this section does not appear to be directly applicable to Plaintiff's case.  Furthermore, Plaintiff cites to "Federal regulations 4.17," which is not a complete citation.  Finally, the Court is unable to understand the alleged violations at the concession stand, and how Plaintiff is effected by these violations.  In sum, Plaintiff's allegations are ambiguous and he has not clearly identified the law he is relying on in support of his claims.  Accordingly, Plaintiff's complaint will be dismissed and he will be given an opportunity to amend his claim.

---

[1] Section 504 of the ADA provides as follows :

§ 12204. Regulations by Architectural and Transportation Barriers Compliance Board

(a) Issuance of guidelines
Not later than 9 months after July 26, 1990, the Architectural and Transportation Barriers Compliance Board shall issue minimum guidelines that shall supplement the existing Minimum Guidelines and Requirements for Accessible Design for purposes of subchapters II and III of this chapter.

(b) Contents of guidelines
The supplemental guidelines issued under subsection (a) of this section shall establish additional requirements, consistent with this chapter, to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities.

© Qualified historic properties

(1) In general
The supplemental guidelines issued under subsection (a) of this section shall include procedures and requirements for alterations that will threaten or destroy the historic significance of qualified historic buildings and facilities as defined in 4.1.7(1)(a) of the Uniform Federal Accessibility Standards.

(2) Sites eligible for listing in National Register
With respect to alterations of buildings or facilities that are eligible for listing in the National Register of Historic Places under the National Historic Preservation Act (16 U.S.C. 470 et seq.), the guidelines described in paragraph (1) shall, at a minimum, maintain the procedures and requirements established in 4.1.7(1) and (2) of the Uniform Federal Accessibility Standards.

(3) Other sites
With respect to alterations of buildings or facilities designated as historic under State or local law, the guidelines described in paragraph (1) shall establish procedures equivalent to those established by 4.1.7(1)(b) and © of the Uniform Federal Accessibility Standards, and shall require, at a minimum, compliance with the requirements established in 4.1.7(2) of such standards.

42 U.S.C.A. § 12204

    *1. Title III of the ADA*

    In amending his claim, Plaintiff is advised that Title III of the ADA prohibits discrimination against any individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers" or "where ... removal of a barrier ... is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods." 42 U.S.C. § 12182(b)(2)(A)(iv), (v). Miller v. California Speedway Corp., 536 F.3d 1020, 1024 (9th Cir. 2008). "If removal of a barrier is not 'readily achievable,' a public accommodation must make its facilities available through 'alternative methods if such methods are readily available.'" 42 U.S.C. § 12182(b)(2)(A)(v). Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135 (9th Cir. 2002).

    Thus, in order to establish a prima facie case of discrimination under Title III of the ADA a plaintiff must show : 1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of the disability. Molski v. M.J. Cable, Inc. 481 F.3d 724 (9th Cir. 2007). The enforcement provisions of Title III provide only for injunctive relief. Pickern v. Holiday Quality Foods Inc., 293 at 1135. Damages are not available to individuals. Id.

    *2. Title II of the ADA and the Rehabilitation Act*

    Title II of the ADA and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. "In order to state a claim under Title II of the ADA, a plaintiff must allege that: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) he was either

excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." O'Guinn v. Lovelock Correctional Center, 502 F. 3d 1056, 1060 (9th Cir. 2007).

Section 504 of the RA provides that "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. To state a claim under the Rehabilitation Act, a plaintiff must allege that: (1) he is an individual with a disability, (2) he is otherwise qualified to receive the benefit, (3) he was denied the benefits of the program solely by reason of his disability, and (4) the program receives federal financial assistance. O'Guinn v. Lovelock Correctional Center, 502 F. 3d at 1060.

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Additionally, the ADA does not contain a statute of limitations, however, most district courts have applied California's one-year limit for personal injury actions to federal disability claims brought in California. Pickern v. Holiday Quality Foods Inc., 293 F. 3d at 1137 (citations omitted).

C.   Leave to Amend the Complaint

Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint. If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

## CONCLUSION

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file an amended complaint, the court will recommend that this action be dismissed for failure to follow a court order.

IT IS SO ORDERED.

**Dated:   September 28, 2009**              */s/ Gary S. Austin*
                                             UNITED STATES MAGISTRATE JUDGE