# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 1:09-cv-1463 OWW GSA |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DIRECTING PLAINTIFF TO SUBMIT USM-285 FORMS |
| v. | ) ) | |
| LINDSAY UNIFIED SCHOOL DISTRICT, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Timothy S. Daubert ("Plaintiff") is proceeding pro se and informa pauperis in this action filed on August 20, 2009. He alleges violations of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA") at the Lindsay High School Stadium. He names the Lindsay Unified School District as the Defendant. On September 28, 2009, this Court screened Plaintiff's complaint. In response to the Court's order, Plaintiff filed the instant amended complaint on October 9, 2009.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

1  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state
2  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
3  cured by amendment.
4        In reviewing a complaint under this standard, the Court must accept as true the allegations
5  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
6  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
7  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
9        B.    Plaintiff's Allegations
10       According to the amended complaint, Plaintiff is confined to a wheelchair.  He alleges
11 violations of Titile II and Title III of the ADA, and Section 504 of the Rehabilitation Act.
12 Specifically, he contends that has been unable to attend football games at the Lindsay High
13 School Stadium because the school district has not made the stadium accessible to the
14 handicapped.
15       Plaintiff's amended complaint appears to state causes of action pursuant to Title II and
16 Title III of the ADA.  42 U.S.C. § 12132; 42 U.S.C. §§ 12182(a) and 12182(b)(2)(A)(iv),(v).
17 Plaintiff's amended complaint also states a cause of action pursuant to § 504 of the RA.  29 U.
18 S. C. § 794.
19     1.    Service is appropriate for Defendant, Lindsay Unifed School District.
20     2.    The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, an
21         instruction sheet and a copy of the amended complaint filed on October  9, 2009.
22     3.    Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete
23         the attached Notice of Submission of Documents and submit the completed
24         Notice to the Court with the following documents:
25     a.    One completed summons;
26     b.    One completed USM-285 form for the Defendant; and
27     C.    Two copies of the amended complaint filed on October  9, 2009.
28

4.  Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.  <u>A failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **October 16, 2009**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE